UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRISA YADIRA VASQUEZ ALVA
(A-245-882-150),

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

Case No.  1:25-cv-01600-DJC-CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Brisa Yadira Vasquez Alva (A-245-882-150), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that her re-detention without a hearing and her continued detention violates her due process rights under the Fifth Amendment, exceeds statutory authority, and violates the Administrative Procedure Act.  (Id. (claims one through three).)  For the following reasons, this Court recommends that the petition be granted.

I.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality

1

of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION[1]

On November 20, 2025, petitioner filed a motion for a temporary restraining order. (ECF No. 2.) On the same day, the district court directed respondents to file any opposition to the motion for a temporary restraining order on or before November 24, 2025. (ECF No. 5.) Petitioner's reply, if any, was due on or before November 25, 2025. (Id.) On November 24, 2025, respondents filed an opposition to the motion for a temporary restraining order. (ECF No. 8.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2)(A). (ECF No. 8 at 3-5.) On November 25, 2025, the district court granted petitioner's motion for a temporary restraining order. (ECF No. 10.) In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating her arrest and detention, and a timely hearing. (Id.) In addition, the district court ordered that at any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have her counsel present. (Id.) Further, the district court ordered respondents to show cause on or before December 2, 2025 as to why a preliminary injunction on the same terms of the district court's November 25, 2025 order should not issue. (Id.) On December 1, 2025, respondents filed a response raising no new arguments in

---

[1]    The factual and procedural background previously presented in the district judge's November 25, 2025 order is incorporated herein. (See ECF No. 10.)

opposition to the issuance of a preliminary injunction.  (ECF No. 11.)  On December 9, 2025, the district court issued a preliminary injunction on the same terms set forth in the November 25, 2025 order granting a temporary restraining order.  (ECF No. 13.)  On January 7, 2026, the district court referred this action to the assigned Magistrate Judge for all further pretrial proceedings.  (ECF No. 14.)

On January 8, 2026, the Court directed respondents to file an answer or motion to dismiss and all referenced or relevant portions of petitioner's A-File, including records that document release and release orders, within twenty-one days from the date of the January 8, 2026 order.  (ECF No. 15.)  Petitioner's reply/traverse was due fourteen days after being served with a copy of respondents' answer or motion to dismiss, and respondents' reply was due seven days after being served with the opposition.  (Id.)  On January 28, 2026, respondents filed a response stating they did not have additional argument or facts to present and referred the Court to their legal arguments presented in the opposition to petitioner's motion for a temporary restraining order.  (ECF No. 17.)  The documents submitted by respondents include a March 8, 2024 Order of Release on Recognizance that expressly releases petitioner on her own recognizance pursuant to 8 U.S.C. § 1226 (Immigration and Nationality Act Section 236).[2]  (ECF No. 17-1 at 13.)  In the alternative, respondents request that the Court stay this matter pending resolution of Rodriguez v. Bostock, No. 25-6842 (9th Cir.).  (ECF No. 17 at 1-2.)  Petitioner filed a reply, opposing the alternative stay request.  (ECF No. 18.)  Briefing is closed.  (See Docket.)

The update in the factual record before the court corroborates the petition's allegation that petitioner was released on her own recognizance, and clarifies that her release was expressly made pursuant to § 1226 and further supports finding that petitioner was re-detained pursuant to § 1226(a).[3]  Where no new legal arguments have been raised regarding petitioner's re-detention

_____

[2]  Respondents also submitted records related to petitioner's November 2025 release after the district judge granted the motion for a temporary restraining order.  (See, e.g., ECF No. 17-1 at 1-4.)  Because this habeas petition concerns petitioner's re-detention before her release pursuant to the district judge's order, the Court does not consider these post-petition records in its review of the merits.

[3]  The petition alleged petitioner was previously released on her own recognizance (see Pet. ¶ 43 (ECF No. 1)), which is corroborated by the release order subsequently submitted by respondents

since the district court's rulings on the motion for a temporary injunction and preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner was re-detained pursuant to § 1226(a) and was not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A).  See Solano Morillo v. Albarran, 2025 WL 3190899, at *3-4 (E.D. Cal. Nov. 15, 2025); Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025); J.A.C.P. v. Wofford, 2025 WL 3013328, at *6-7 (E.D. Cal. Oct. 27, 2025). The Court further recommends granting petitioner's due process claim (claim three) based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining her and continuing to detain her without a hearing.  See Lopez v. Lyons, 2025 WL 3124116, at *3 (E.D. Cal. Nov. 7, 2025); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).  In light of the Court's recommendation that petitioner's requested relief be granted on her statutory and due process claims, petitioner's remaining Administrative Procedure Act claim (portion of claim one and claim two) need not be resolved.  Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.  This Court further recommends that a permanent injunction be issued on similar, but modified, terms as the preliminary injunction.

**III.    CONCLUSION**

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  A permanent injunction be issued that respondents be ENJOINED AND RESTRAINED from re-detaining petitioner Brisa Yadira Vasquez Alva (A-245-882-150) absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice and a timely hearing before a neutral decisionmaker.  At any such hearing, the Government shall

---

(ECF No. 17-1 at 13).

4

bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have her counsel present.

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 13, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, vasq1600.25

5